DANA JONATHON NITZ
NEVADA BAR NO. 50
SELMAN BREITMAN LLP
3993 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169-0961
Telephone:    702.228.7717
Facsimile:    702.228.8824
Email:          dnitz@selmanlaw.com

Attorneys for Defendant Indian Harbor
Insurance Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD CARMOUCHE,<br><br>             Plaintiff,<br><br>     v.<br><br>INDIAN HARBOR INSURANCE COMPANY, a foreign corporation licensed to do business in the State of Nevada; ROE CORPORATIONS I though X, inclusive; and DOES I through X, inclusive,<br><br>             Defendants. | Case No.<br><br>**DEFENDANT INDIAN HARBOR INSURANCE COMPANY'S AMENDED PETITION FOR REMOVAL** |

Defendant Indian Harbor Insurance Company (hereinafter "Indian Harbor"), by and through its attorneys of record Selman Breitman LLP, hereby submits the following Statement of Removal.

1.   **The date on which you were served with a copy of the complaint.**

     Response: Plaintiff's complaint has not yet been served on defendant

2.   **The date on which you were served with a copy of the summons.**

     Response: Plaintiff's summons has not yet been served on defendant.

3.   **In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties, and a summary of defendant's evidence of the amount in controversy.**

     Response: Removal is based on the amount of controversy and diversity jurisdiction/citizenship.

1

6007 49717 4840-5803-9774 .v1

According to plaintiff's complaint, plaintiff was at all times relevant to this action, a resident of the State of Nevada.

Defendant Indian Harbor is and was, at all times relevant, a Delaware corporation with its principal place of business located in Stamford, Connecticut.

The allegations in plaintiff's complaint include:

"That at all relevant times, Indian Harbor was and is a foreign corporation conducting business in Nevada as an insurance company and selling said insurance in Nevada.

"That at all times relevant hereto, Indian Harbor employed adjusters and agents, including agent Joe Brady, who evaluated, supervised and otherwise contributed to the handling of Ronald's underinsured motorist claim. Said agents and adjusters were all working within the course and scope of their employment with Constitution State Service, a third-party administrator for Indian Harbor.

"That at all times relevant herein Indian Harbor and Ronald entered into a contract for insurance. Indian Harbor conducts continuous and systematic business within Clark County, Nevada. That Indian Harbor breached its duty to honor Ronald's benefits under his underinsured motorist policy in Clark County Nevada. Jurisdiction and venue are proper.

"The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant's ROE CORPORATIONS I through X are unknown to Ronald, who therefore sue said Defendants by such fictitious names. Ronald is informed and believe and thereon allege that each Defendant designated ROE is responsible in some manner, whether as a successor entity or otherwise, for the events and happenings referred to herein. As such, Ronald will seek leave Court to amend this Complaint to insert the true names and capacities of said ROES.

"The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through X, are unknown to Ronald, who therefore sues said Defendants designated as a DOE is responsible in some manner for the events and happenings referred to herein.

2

"The monetary equivalent of Ronald's medical bills, lost wages, and past future pain and suffering resulting from the accident, exceeded $50,000.00."

No further proceedings have been had in this matter in the Eighth Judicial District Court, Clark County, State of Nevada.

Pursuant to 28 U.S.C Section 1446(b), Defendant Indian Harbor provides this Court with copies of the following documents:

      a.     Civil Complaint attached hereto as Exhibit A;

      b.     Civil First Amended Complaint attached hereto as Exhibit B; and

      c.     Amended Summons naming Indian Harbor attached hereto as Exhibit C.

**If your notice of removal was filed more than 30 days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

Response: Not applicable.

**4. In actions removed on the basis of the court's jurisdiction in which the state court action was commenced more than one year before the date of removal, the reasons this action should not be summarily remanded to the state court.**

Response: Not Applicable. The Complaint was filed naming other defendants on December 15, 2020.

Selman Breitman LLP
ATTORNEYS AT LAW

6007 49717 4840-5803-9774 .v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**5. The name of any defendant known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.**

<u>Response</u>: Not Applicable. No defendants presently named were served before Indian Harbor.

DATED: February 26, 2021          SELMAN BREITMAN LLP

By:        <u>*/s/ Dana Jonathon Nitz*</u>
          DANA JONATHON NITZ
          NEVADA BAR NO. 50
          3993 Howard Hughes Parkway, Suite 200
          Las Vegas, NV 89169-0961
          Phone: 702.228.7717
          Facsimile: 702.228.8824
          Attorneys for Defendant Indian Harbor Insurance Company

Selman Breitman LLP
ATTORNEYS AT LAW

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

In accordance with Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify that on the 26th day of February 2021, a copy of **DEFENDANT INDIAN HARBOR INSURANCE COMPANY'S AMENDED PETITION FOR REMOVAL** was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

_/s/ Bonnie Kerkhoff Juarez_
BONNIE KERKHOFF JUAREZ
An Employee of Selman Breitman LLP

Selman Breitman LLP
ATTORNEYS AT LAW

5

EXHIBIT A

Electronically Filed
12/15/2020 5:57 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**RODOLFO GONZALEZ, ESQ.**
Nevada Bar No. 12751
**GONZALEZ & FLORES LAW FIRM**
879 N. Eastern Ave.
Las Vegas, Nevada 89101
Phone: (702) 778-3030
Fax: (702) 920-8657
Attorneys for Plaintiff

CASE NO: A-20-826501-C
Department 1

## DISTRICT COURT
## CLARK COUNTY, NEVADA
* * * * *

RONALD CARMOUCHE;

      Plaintiff,

      vs.

TRAVELERS INSURANCE COMPANY, a Foreign Corporation licensed to do business in the State of Nevada; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,

      Defendants.

CASE NO.:

DEPT. NO.:

**COMPLAINT**

(Exempt from Arbitration-Amount in Controversy Exceeds $50,000)

Plaintiff, RONALD CARMOUCHE, by and through his attorney, RODOLFO GONZALEZ of the GONZALEZ & FLORES LAW FIRM, and for his causes of action against Defendants, alleges as follows:

### IDENTIFICATION OF THE PARTIES

1.     Plaintiff RONALD CARMOUCHE (hereinafter "Ronald") was, and is, at all relevant times a resident of Clark County, Nevada.

2.     That at all relevant times, Defendant TRAVELERS INSURANCE COMPANY (hereinafter "TRAVELERS INSURANCE") was and is a duly licensed business entity authorized to conduct business in Nevada as an insurance company and conducting said

business in Nevada.

3.    That at all times relevant hereto, TRAVELERS INSURANCE employed adjusters and agents, including agent Joe Brady, who evaluated, supervised and otherwise contributed to the handling of Ronald's underinsured motorist claim. Said agents and adjusters were all working within the course and scope of their employment with TRAVELERS INSURANCE.

4.    That at all times relevant herein TRAVELERS INSURANCE and Ronald entered into a contract for insurance. TRAVELERS INSURANCE conducts continuous and systematic business within Clark County, Nevada. That TRAVELERS INSURANCE breached its duty to honor Ronald's benefits under his underinsured motorist policy in Clark County, Nevada. Jurisdiction and venue are proper.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant's ROE CORPORATIONS I through X are unknown to Ronald, who therefore sue said Defendants by such fictitious names. Ronald is informed and believe and thereon allege that each Defendant designated ROE is responsible in some manner, whether as a successor entity or otherwise, for the events and happenings referred to herein. As such, Ronald will seek leave Court to amend this Complaint to insert the true names and capacities of said ROES.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I thorugh X, are unknown to Ronald, who therefore sues said Defendants designated as a DOE is responsible in some manner for the events and happenings referred to herein.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.  Ronald repeats and alleges each and every allegation contained in Paragraph 1-6 above and incorporates the same by reference as though the same were fully set forth herein.

8.  That prior to March 15, 2019 Ronald entered into an insurance contract with TRAVELERS INSURANCE whereby TRAVELERS INSURANCE agreed to provide Ronald with, among other coverages pursuant to Underinsured Protections Benefits.

9.  In reliance upon TRAVELERS INSURANCE's representation and advertising, Ronald purchased said underinsured motorist policy, and on or about March 15, 2019, said coverage was in force.

10. On March 15, 2019, Ronald operated a 2018 Kia Soul that was stopped at a red light in the #2 left turn lane on the I-15 southbound off-ramp at Silverado Ranch. Timothy James Kazimer (hereinafter "Timothy") operated a 2003 Saturn SL and drove westbound on Silverado Ranch in the County of Clark, State of Nevada, in the #2 travel lane towards the southbound I-15 off-ramp. Jandy Suarez-Esquivel (hereinafter "Jandy") operated a 2015 Toyota Rav4 and was stopped to the right of Ronald, in the #3 left turn lane on the I-15 southbound off-ramp at Silverado Ranch, also waiting at the red light. The light turned green for Ronald and Jandy, who then entered the intersection to execute their left turn.

11. Timothy disobeyed the traffic signal entering the intersection on a red light striking the front of Ronald's vehicle and then the front of Jandy's vehicle.

12. As a result of the collision, Ronald suffered severe injuries to his head, a traumatic brain injury, memory loss, cognitive impairments, neck pain, low back pain, and pain to his right hand.

13. The monetary equivalent of Ronald's medical bills, lost wages, and past future pain and

suffering resulting from the accident, exceeded $50,000.00

14. At the time of the collision, non-party tortfeasor Timothy carried automobile liability limits of $50,000.00 per person/ $100,000.00 per accident.

15. On July 21, 2020, non-party tortfeasor Timothy's motor-vehicle insurer, Progressive Insurance tendered to Ronald the full amount of $50,000.00 motor-vehicle liability coverage. However, this amount was insufficient to fully compensate Ronald for the harms and losses he suffered in the March 2019 motor vehicle collision.

16. TRAVELERS INSURANCE is and was contractually obligated to compensate Ronald for the harms and losses he sustained in the subject motor vehicle collision, up to the limits of his coverage.

17. On July 21, 2020, Ronald timely presented TRAVELERS INSURANCE with his Medical Records and demanded policy limits.  TRAVELERS INSURANCE also had in its possession the police report, estimates of the damage to Ronald's motor-vehicle; and a copy of the letter where Progressive Insurance tendered $50,000.00 policy limits from the non-party tortfeasor Timothy.

18. TRAVELERS INSURANCE subsequently offered Ronald Twenty Thousand Dollars ($20,000.00) to resolve the matter and claimed that the offer is based on Ronald's treatment thus far.

19. On November 25, 2020, Ronald's attorney phoned Joe Brady, a claims agent for TRAVELERS INSURANCE, and explained that Ronald's cognitive functions are deteriorating, the memory loss is getting worse, headaches are increasing in pain. It was also explained to Joe that Ronald's quality of life is worsening.  TRAVELERS INSURANCE, through Joe, relayed that the claim is not worth policy limits.

20. On November 30, 2020, Ronald sent a correspondence to TRAVELERS INSURANCE once again demanding policy limits and explained in the correspondence that Ronald's treating doctors related Ronald traumatic brain injury, memory loss, and chronic headaches the subject motor-vehicle accident in question.

21. Ronald's demand for his underinsured motorist claim was originally sent on July 21, 2020 and as of December 8, 2020, TRAVELERS INSURANCE has refused to negotiate in good faith and prolonged settlement by purposely making low offers without having a reasonable basis for their position.

22. TRAVELERS INSURANCE and its agents have willfully, purposely, and intentionally failed to effectuate a prompt, fair and equitable settlement, and compelled Ronald to institute litigation to recover amounts due to him under the insurance policy by offering low settlement amounts.

23. Ronald has been damaged and deprived of the policy benefits he contracted with TRAVELERS INSURANCE.

24. Ronald's quality of life has significantly deteriorated as a result of TRAVELERS INSURANCE's delay in tendering policy benefits.  Ronald has continued suffering from headaches; been unable to work; and not been able to recall important events in his life. As a result of Ronald's decline in health, Ronald has also experienced depression, anxiety attacks, and a negative impact on his self-esteem.

25. Ronald has undergone significant mental pain, suffering, and anguish not knowing if he has sufficient monies to compensate and sustain himself. TRAVELERS INSURANCE knew that Ronald was in a sensitive and vulnerable position to be deprived of monies because of the ongoing pain from his physical injuries, but nevertheless engaged in the aforementioned

conduct.

26. TRAVELERS INSURANCE and its agents, working in the course and scope of their employment, have perpetuated the aforementioned acts and omissions with malice and conscious disregard for Ronald's right in an attempt to manufacture a reason to delay, mitigate and/or deny Ronald's underinsured motorist claim.

## FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT

27. Ronald repeats and realleges each and every allegation contained in paragraph 1 through 26 as though fully set forth herein.

28. Prior to March 15, 2019, Ronald entered into an insurance contract with TRAVELERS INSURANCE, whereby TRAVELERS INSURANCE agreed to provide Ronald with, among other coverages, Underinsured Motorist Protections Benefits.

29. In reliance upon TRAVELERS INSURANCE's representations and advertising, Ronald purchased said underinsured motorist policy from Defendant. On or about March 15, 2019, said coverage was in force.

30. On March 15, 2019, Ronald was involved in a moto vehicle accident, and on or about July 21, 2020, non-party tortfeasor Timothy's motor-vehicle insurer, Progressive, tendered to Ronald the full amount of Timothy's $50,000.00 motor-vehicle liability insurance. However, this amount was insufficient to fully compensate Ronald for the harms and losses he suffered in said motor-vehicle collision, including serious injury to his brain, head, low back, neck, and right hand.

31. The monetary equivalent of Ronald's medical bills, lost wages, and past and future pain and suffering resulting from the accident, exceed $50,000.00.

32. By contract, TRAVELERS INSURANCE is obligated to fully compensate Ronald for the

harms and losses he sustained in the subject motor vehicle collision, up to the limits of the $50,000.00.

33.    TRAVELERS INSURANCE, via its agents working in the course and scope of their employment breached its obligation; its failure to perform under the contract that was unjustified and unexcused because it had substantial and more than sufficient information to evaluate and settle the claim.

34.    Upon information and belief, TRAVELERS INSURANCE purposely and with malice undertook a series of actions to undermine, delay, inhibit and relieve itself of its obligations to compensate the Ronald.

35.    As a direct and proximate result of TRAVELERS INSURANCE's conduct, Ronald has been damaged and deprived of his $100,000.00 in underinsured motorist coverage.

36.    It has become necessary for Ronald to retain the services of an attorney to prosecute this action and is, therefore, entitled to an award of costs and attorney fees.

### SECOND CLAIM FOR RELIEF

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING-THE TORT OF INSURANCE BAD FAITH

37.    Ronald repeats and realleges each and every allegation contained in paragraph 1 through 38 as though fully set forth herein.

38.    The duty of good faith and fair dealing prohibits arbitrary or unfair acts by one contracting party that work to the disadvantage of the other.

39.    In every insurance contract there is an implied obligation of good faith and fair dealing that the insurer will not do anything to injure the rights of the insured, the duty of good faith instills upon the insurer the duty to investigate and to act in good faith during settlement

negotiations.

40. The tort of insurance of bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct.

41. TRAVELERS INSURANCE, via the action of its agents working in the course and scope of their employment, breached its duty as an insurer by failing to reasonably and promptly investigate and tender Ronal's underinsured motorist policy

42. There were no reasonable grounds for the delay or denying Ronald's request for policy limits because TRAVELERS INSURANCE was in possession of the entirety of Ronald's Demand and relevant medical records showing Ronald suffered a brain injury and serious injuries to his neck and back.

43. The monetary equivalent of Ronald's medical bills, along with past and future pain and suffering resulting from the March 15, 2019 accident, exceeded $50,000.00.

44. TRAVELERS INSURANCE and its agents knew that medical experts concluded that Ronald's injuries were the result of the motor vehicle accident in question, yet determined that Ronald's injuries were not severe given that the property damage in the motor vehicle accident was minimal.

45. TRAVELERS INSURANCE and its agents were asked to reevaluate Neurocare of Nevada and Michael Epperson D.C.'s assessment of Ronald injuries. TRAVELERS INSURANCE and its agents indicated that he reviewed all the reports and did not believe that the injuries presented were valued above $20,000.00.

46. TRAVELERS INSURANCE knew that there was an absence of a reasonable basis for denying the at-issue benefits of Ronald's policy, and TRAVELERS INSURANCE knew of or acted in reckless disregard of the lack of a reasonable basis for denying the at-issue

benefits of the insurance policy.

47.   As a direct and proximate result of TRAVELERS INSURANCE conduct, Ronald has been

damaged and deprived of his $50,000.00 in underinsured motorist coverage.

48.   As a further direct and proximate result of TRAVELERS INSURANCE conduct, Ronald

has undergone significant mental pain, suffering, and anguish. TRAVELERS

INSURANCE knew that Ronald was in a sensitive and vulnerable position to be deprived

of monies because of the ongoing pain from his physical injuries, but nevertheless engaged

in the aforementioned conduct.

49.   TRAVELERS INSURANCE perpetrated their conduct with conscious disregard of the

rights of the Ronald, fraud, malice (express of implied), oppression and punitive damage

award is warranted under NRS 42.001. 42.005 & 42.007.

50.   It has become necessary for Ronald to retain the services of an attorney to prosecute this

action and is, therefore, entitled to an award of costs and attorney fees.

## THIRD CLAIM RELIEF

## VIOLATIONS OF THE UNFAIR CLAIMS PRACTICE – NRS 686A.310

51.   Ronald repeats and realleges each and every allegation contained in paragraph 1 through 52

as though fully set forth herein.

52.   TRAVELERS INSURANCE and its agents working in the course and scope of

employment's actions constitute violations of various subsections of NRS 686A.310.

53.   NRS 686A.310(1)(e) states that an insurer is liable for damages if it fails to effectuate

prompt, fair and equitable settlements of claims in which liability of the insurer has become

reasonably clear. TRAVELERS INSURANCE failed to effectuate prompt, fair and

equitable settlement of Ronald's claims even though TRAVELERS INSURANCE and its

agents knew that medical experts concluded that Ronald's injuries were the result of the motor vehicle accident in question.

54. NRS 686A.310(1)(f) states that an insurer must not compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

55. NRS 686A.310(1)(g) states that an insurer must not attempt to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to a written or printed advertising material accompanying or made part of an application. Dr. Chopra's and multiple other facilities medical reports show that Ronald's injuries and pain and suffering exceeds $100,000.00. TRAVELERS INSURANCE has unreasonably offered to settle the matter for less than Ronald's future treatment and pain and suffering.

56. TRAVELERS INSURANCE 's actions may have violated other subsections of NRS 686A.310 or other statues.  Ronald reserved the right to amen this Claim for Relief during the course of this litigation.

57. As a direct and proximate result of TRAVELERS INSURANCE 's conduct, Ronald has undergone significant mental pain, suffering, and anguish. TRAVELERS INSURANCE knew that Ronald was in a sensitive and vulnerable position to be deprived of monies because of the ongoing pain from his physical injuries, but nevertheless engaged in the aforementioned conduct.

58. TRAVELERS INSURANCE perpetrated its conduct with conscious disregard of the rights of Ronald fraud, malice (express or implied), oppression and a punitive damage award is

warranted under NRS 42.001, 42.005, & 42.007.

59.   It has become necessary for Ronald to retain the services of an attorney to prosecute this

action and is, therefore, entitled to an award of costs and attorney fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

1.      General and compensatory damages for pain and suffering in excess of $50,000.00;

2.      Punitive Damages to be determined in a court of law;

3.      Damages for costs of past, present and future medical care and treatment and costs

incidental thereto when the same have been fully ascertained;

4.      Reasonable attorneys' fees, costs of suit incurred herein, and interest; and

5.      For such other and further relief as the Court may deem proper in the premises.

Dated this 15th day of December, 2020

GONZALEZ & FLORES LAW FIRM

By:_____

RODOLFO GONZALEZ, ESQ.
Nevada Bar No. 12751
*Attorney for Plaintiff*

# EXHIBIT B

Electronically Filed
1/26/2021 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOMP**
**RODOLFO GONZALEZ, ESQ.**
Nevada Bar No. 12751
**GONZALEZ & FLORES LAW FIRM**
879 N. Eastern Ave.
Las Vegas, Nevada 89101
Phone: (702) 778-3030
Fax: (702) 920-8657
Attorneys for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

* * * * *

| | |
|---|---|
| RONALD CARMOUCHE;<br>            Plaintiff,<br><br>        vs.<br><br><br>INDIAN HARBOR INSURANCE, a Foreign Corporation licensed to do business in the State of Nevada; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>            Defendants. | CASE NO.: A-20-826501-C<br><br>DEPT. NO.: XXI<br><br><br>**AMENDED COMPLAINT**<br><br>(Exempt from Arbitration-Amount in Controversy Exceeds $50,000) |

Plaintiff, RONALD CARMOUCHE, by and through his attorney, RODOLFO GONZALEZ of the GONZALEZ & FLORES LAW FIRM, and for his causes of action against Defendants, alleges as follows:

## IDENTIFICATION OF THE PARTIES

1.      Plaintiff RONALD CARMOUCHE (hereinafter "Ronald") was, and is, at all relevant times a resident of Clark County, Nevada.

2.      That at all relevant times, Defendant INDIAN HARBOR INSURANCE, (hereinafter "INDIAN HARBOR") was and is a foreign corporation conducting business in Nevada as an insurance company and selling said insurance in Nevada.

3.      That at all times relevant hereto, INDIAN HARBOR employed adjusters and agents,

including agent Joe Brady, who evaluated, supervised and otherwise contributed to the handling of Ronald's underinsured motorist claim. Said agents and adjusters were all working within the course and scope of their employment with Constitution State Service, a third-party administrator for INDIAN HARBOR.

4.  That at all times relevant herein INDIAN HARBOR and Ronald entered into a contract for insurance. INDIAN HARBOR conducts continuous and systematic business within Clark County, Nevada.  That INDIAN HARBOR breached its duty to honor Ronald's benefits under his underinsured motorist policy in Clark County Nevada. Jurisdiction and venue are proper.

5.  The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant's ROE CORPORATIONS I through X are unknown to Ronald, who therefore sue said Defendants by such fictitious names. Ronald is informed and believe and thereon allege that each Defendant designated ROE is responsible in some manner, whether as a successor entity or otherwise, for the events and happenings referred to herein. As such, Ronald will seek leave Court to amend this Complaint to insert the true names and capacities of said ROES.

6.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I thorugh X, are unknown to Ronald, who therefore sues said Defendants designated as a DOE is responsible in some manner for the events and happenings referred to herein.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.  Ronald repeats and alleges each and every allegation contained in Paragraph 1-6 above and incorporates the same by reference as though the same were fully set forth herein.

8.  That prior to March 15, 2019, Ronald, through Lyft Inc., entered into an insurance contract with INDIAN HARBOR whereby INDIAN HARBOR agreed to provide Ronald with, among other overages pursuant to Underinsured Protections Benefits.

9.  As part of the insurance contract, INDIAN HARBOR agreed to pay benefits to the Ronald, as its insured, underinsured motorist (UIM) benefits if the Ronald was injured and damaged in a collision when the negligent party had insufficient liability insurance to adequately pay compensation to the plaintiff for injuries and damages legally entitled to and sustained in the collision.

10. On March 15, 2019, Ronald drove for Lyft Inc. and operated a 2018 Kia Soul that was stopped at a red light in the #2 left turn lane on the I-15 southbound off-ramp at Silverado Ranch. Timothy James Kazimer (hereinafter "Timothy") operated a 2003 Saturn SL and drove westbound on Silverado Ranch in the County of Clark, State of Nevada, in the #2 travel lane towards the southbound I-15 off-ramp. Jandy Suarez-Esquivel (hereinafter "Jandy") operated a 2015 Toyota Rav4 and was stopped to the right of Ronald, in the #3 left turn lane on the I-15 southbound off-ramp at Silverado Ranch, also waiting at the red light. The light turned green for Ronald and Jandy, who then entered the intersection to execute their left turn.

11. Non-party tortfeasor Timothy disobeyed the traffic signal entering the intersection on a red light striking the front of Ronald's vehicle and then the front of Jandy's vehicle.

12. As a result of the collision, Ronald suffered severe injuries to his head, a traumatic brain injury, memory loss, cognitive impairments, neck pain, low back pain, and pain to his right hand.

13. The monetary equivalent of Ronald's medical bills, lost wages, and past future pain and

suffering resulting from the accident, exceeded $50,000.00

14. At the time of the collision, non-party tortfeasor Timothy carried automobile liability limits of $50,000.00 per person / $100,000.00 per accident.

15. On July 21, 2020, non-party tortfeasor Timothy's motor-vehicle insurer, Progressive Insurance tendered to Ronald the full amount of $50,000.00 motor-vehicle liability coverage. However, this amount was insufficient to fully compensate Ronald for the harms and losses he suffered in the March 2019 motor vehicle collision.

16. INDIAN HARBOR is and was contractually obligated to compensate Ronald for the harms and losses he sustained in the subject motor vehicle collision, up to the limits of his coverage.

17. On July 21, 2020, Ronald timely presented INDIAN HARBOR with his Medical Records and demanded policy limits. INDIAN HARBOR also had in its possession the police report; estimates of the damage to Ronald's motor-vehicle; and a copy of the letter where Progressive Insurance tendered $50,000.00 policy limits from the non-party tortfeasor Timothy.

18. INDIAN HARBOR subsequently offered Ronald Twenty Thousand Dollars ($20,000.00) to resolve the matter and claimed that the offer is based on Ronald's treatment thus far.

19. On November 25, 2020, Ronald's attorney phoned Joe Brady, a claims agent for INDIAN HARBOR, and explained that Ronald's cognitive functions are deteriorating, the memory loss is getting worse, headaches are increasing in pain. It was also explained to Joe that Ronald's quality of life is worsening. INDIAN HARBOR, through Joe, relayed that the claim is not worth policy limits.

20. On November 30, 2020, Ronald sent a correspondence to INDIAN HARBOR once again demanding policy limits and explained in the correspondence that Ronald's treating doctors

related Ronald traumatic brain injury, memory loss, and chronic headaches the subject motor-vehicle accident in question.

21. Ronald's demand for his underinsured motorist claim was originally sent on July 21, 2020 and as of December 8, 2020, INDIAN HARBOR has refused to negotiate in good faith and prolonged settlement by purposely making low offers without having a reasonable basis for their position.

22. INDIAN HARBOR and its agents have willfully, purposely, and intentionally failed to effectuate a prompt, fair and equitable settlement, and compelled Ronald to institute litigation to recover amounts due to him under the insurance policy by offering low settlement amounts.

23. Ronald has been damaged and deprived of the policy benefits he contracted with INDIAN HARBOR.

24. Ronald's quality of life has significantly deteriorated as a result of INDIAN HARBOR's delay in tendering policy benefits. Ronald has continued suffering from headaches; been unable to work; and not been able to recall important events in his life. As a result of Ronald's decline in health, Ronald has also experienced depression, anxiety attacks, and a negative impact on his self-esteem.

25. Ronald has undergone significant mental pain, suffering, and anguish not knowing if he has sufficient monies to compensate and sustain himself. INDIAN HARBOR knew that Ronald was in a sensitive and vulnerable position to be deprived of monies because of the ongoing pain from his physical injuries, but nevertheless engaged in the aforementioned conduct.

26. INDIAN HARBOR and its agents, working in the course and scope of their employment, have perpetuated the aforementioned acts and omissions with malice and conscious disregard for Ronald's right in an attempt to manufacture a reason to delay, mitigate and/or deny

Ronald's underinsured motorist claim.

## **FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT**

27.    Ronald repeats and realleges each and every allegation contained in paragraph 1 through 26 as though fully set forth herein.

28.    That at some time prior to March 15, 2019, INDIAN HARBOR agreed to provide Ronald with, among other coverages, Underinsured Motorist Protections Benefits.

29.    That on March 15, 2019, Ronald sustained severe injuries for which the non-party tortfeasor Timothy's did not have sufficient coverage to pay for the total of Ronald's damages.

30.    On July 21, 2020, Ronald presented to INDIAN HARBOR a demand for his underinsured motorist claim.  That INDIAN HARBOR breached its contract by refusing to pay Ronald reasonable benefits owed to him under the contract.

31.    The monetary equivalent of Ronald's medical bills, lost wages, and past and future pain and suffering resulting from the accident, exceed $50,000.00.

32.    By contract, INDIAN HARBOR is obligated to fully compensate Ronald for the harms and losses he sustained in the subject motor vehicle collision, up to the limits of the $50,000.00.

33.    INDIAN HARBOR, via its agents working in the course and scope of their employment breached its obligation; its failure to perform under the contract that was unjustified and unexcused because it had substantial and more than sufficient information to evaluate and settle the claim.

34.    As a direct and proximate result of INDIAN HARBOR's conduct, Ronald has been damaged and deprived of his $100,000.00 in underinsured motorist coverage.

## SECOND CLAIM FOR RELIEF

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING-THE TORT OF INSURANCE BAD FAITH

35.  Ronald repeats and realleges each and every allegation contained in paragraph 1 through 38 as though fully set forth herein.

36.  The duty of good faith and fair dealing prohibits arbitrary or unfair acts by one contracting party that work to the disadvantage of the other.

37.  In every insurance contract there is an implied obligation of good faith and fair dealing that the insurer will not do anything to injure the rights of the insured, the duty of good faith instills upon the insurer the duty to investigate and to act in good faith during settlement negotiations.

38.  The tort of insurance of bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct.

39.  INDIAN HARBOR, via the action of its agents working in the course and scope of their employment, breached its duty as an insurer by failing to reasonably and promptly investigate and tender Ronal's underinsured motorist policy

40.  There were no reasonable grounds for the delay or denying Ronald's request for policy limits because INDIAN HARBOR was in possession of the entirety of Ronald's Demand and relevant medical records showing Ronald suffered a brain injury and serious injuries to his neck and back.

41.  The monetary equivalent of Ronald's medical bills, along with past and future pain and suffering resulting from the March 15, 2019 accident, exceeded $50,000.00.

42.  INDIAN HARBOR and its agents knew that medical experts concluded that Ronald's

injuries were the result of the motor vehicle accident in question, yet determined that Ronald's injuries were not severe given that the property damage in the motor vehicle accident was minimal.

43.    INDIAN HARBOR and its agents were asked to reevaluate Neurocare of Nevada and Michael Epperson D.C.'s assessment of Ronald injuries.  INDIAN HARBOR and its agents indicated that he reviewed all the reports and did not believe that the injuries presented were valued above $20,000.00.

44.    INDIAN HARBOR knew that there was an absence of a reasonable basis for denying the at-issue benefits of Ronald's policy, and INDIAN HARBOR knew of or acted in reckless disregard of the lack of a reasonable basis for denying the at-issue benefits of the insurance policy.

45.    As a direct and proximate result of INDIAN HARBOR conduct, Ronald has been damaged and deprived of his $50,000.00 in underinsured motorist coverage.

46.    As a further direct and proximate result of INDIAN HARBOR conduct, Ronald has undergone significant mental pain, suffering, and anguish. INDIAN HARBOR knew that Ronald was in a sensitive and vulnerable position to be deprived of monies because of the ongoing pain from his physical injuries, but nevertheless engaged in the aforementioned conduct.

47.    INDIAN HARBOR perpetrated their conduct with conscious disregard of the rights of the Ronald, fraud, malice (express of implied), oppression and punitive damage award is warranted under NRS 42.001. 42.005 & 42.007.

48.    It has become necessary for Ronald to retain the services of an attorney to prosecute this action and is, therefore, entitled to an award of costs and attorney fees.

### THIRD CLAIM RELIEF

### VIOLATIONS OF THE UNFAIR CLAIMS PRACTICE – NRS 686A.310

49.    Ronald repeats and realleges each and every allegation contained in paragraph 1 through 52 as though fully set forth herein.

50.    INDIAN HARBOR and its agents working in the course and scope of employment's actions constitute violations of various subsections of NRS 686A.310.

51.    NRS 686A.310(1)(e) states that an insurer is liable for damages if it fails to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear. INDIAN HARBOR failed to effectuate prompt, fair and equitable settlement of Ronald's claims even though INDIAN HARBOR and its agents knew that medical experts concluded that Ronald's injuries were the result of the motor vehicle accident in question.

52.    NRS 686A.310(1)(f) states that an insurer must not compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

53.    NRS 686A.310(1)(g) states that an insurer must not attempt to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to a written or printed advertising material accompanying or made part of an application. Dr. Chopra's and multiple other facilities medical reports show that Ronald's injuries and pain and suffering exceeds $100,000.00. INDIAN HARBOR has unreasonably offered to settle the matter for less than Ronald's future treatment and pain and suffering.

54. INDIAN HARBOR 's actions may have violated other subsections of NRS 686A.310 or other statues.  Ronald reserved the right to amen this Claim for Relief during the course of this litigation.

55. As a direct and proximate result of INDIAN HARBOR 's conduct, Ronald has undergone significant mental pain, suffering, and anguish. INDIAN HARBOR knew that Ronald was in a sensitive and vulnerable position to be deprived of monies because of the ongoing pain from his physical injuries, but nevertheless engaged in the aforementioned conduct.

56. INDIAN HARBOR perpetrated its conduct with conscious disregard of the rights of Ronald fraud, malice (express or implied), oppression and a punitive damage award is warranted under NRS 42.001, 42.005, & 42.007.

57. It has become necessary for Ronald to retain the services of an attorney to prosecute this action and is, therefore, entitled to an award of costs and attorney fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

1. General and compensatory damages for pain and suffering in excess of $50,000.00;

2. Punitive Damages to be determined in a court of law;

3. Damages for costs of past, present and future medical care and treatment and costs incidental thereto when the same have been fully ascertained;

4. Reasonable attorneys' fees, costs of suit incurred herein, and interest; and

5. For such other and further relief as the Court may deem proper in the premises.

Dated this 26th day of January, 2021

GONZALEZ & FLORES LAW FIRM

By:_____
    RODOLFO GONZALEZ, ESQ.
    Nevada Bar No. 12751
    *Attorney for Plaintiff*

EXHIBIT C

Electronically Filed
1/26/2021 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

**AMDS**
**RODOLFO GONZLEZ, ESQ.**
Nevada Bar No. 012751
**GONZALEZ & FLORES LAW FIRM**
879 N. Eastern Ave.
Las Vegas, Nevada 89101
Phone: (702) 778-3030
Fax: (702) 920-8657
*Attorney for Plaintiff*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
*****

| | |
|---|---|
| RONALD CARMOUCHE;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INDIAN HARBOR INSURANCE, a Foreign Corporation licensed to do business in the State of Nevada; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO.: A-20-826501-C<br><br>DEPT. NO.: XXI |

**AMENDED SUMMONS**

**TO THE DEFENDANT: YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND, IN WRITING</u>, WITHIN 20 DAYS.   READ THE INFORMATION BELOW VERY CAREFULLY.**

　　**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in that document.

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

　　a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

SUMMONS - 1

      b.    Serve a copy of your response upon the attorney whose name and address are shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment by default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.


     DATED this ___ day of January 2021.


                             CLERK OF COURT


                             By:_____

                             Deputy Clerk

Submitted By:                  Regional Justice Center

                             200 Lewis Avenue

                             Las Vegas, Nevada 89101

_____

**RODOLFO GONZALEZ, ESQ.**
Nevada Bar No. 012751
**GONZALEZ & FLORES LAW FIRM**
879 N. Eastern Ave.
Las Vegas, Nevada 89101
*Attorney for Plaintiff*